UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL WALKER,                                    Case No. 11-12573

       Plaintiff,                              David M. Lawson
v.                                              United States District Judge

MICHIGAN BELL TELEPHONE COMPANY,                Michael Hluchaniuk
                                                United States Magistrate Judge
       Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR SUMMARY JUDGMENT (Dkt. 16)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed a Title VII discrimination complaint against his former employer, Michigan Bell Telephone Company on June 14, 2011.  (Dkt. 1).  This matter was referred to the undersigned for general case management.  (Dkt. 4).  On April 13, 2012, Michigan Bell filed their motion for summary judgment, asserting that plaintiff's claims were barred by the statute of limitations and that he had failed to bring forth any evidence of discrimination.  (Dkt. 16).  The Court ordered plaintiff to file a response by June 8, 2012.  (Dkt. 18).  Plaintiff filed his response on June 8, 2012, the entirety of which is as follows:

> I Karl Walker hereby refuse to let this case get dropped
> without me getting my just do.  I do not and will not
> agree with any decision made by the Defendant to close
> or drop the case at hand.  This case has got to go to trial

> and be reviewed by the proper individuals. The allegations that I have made against the Defendant are very much the truth and the information provided in the case file is more than enough in my opinion to have the case heard in court. I have waited and waited diligently to have this matter taken care of. As I stated in the past I cannot afford legal representation so I will be representing myself in this matter. I do not appreciate the Defendant twisting the facts let alone basically calling me a liar and a troublemaker without talking to witnesses that were part of the list I submitted to the courts and Defendant. Those individuals hold key and privileged information detrimental to this case. In closing I look forward to my day in court to handle this matter and by no way shape or form am I ready for any kind of motion to be set in place to drop this case.

(Dkt. 19, Pg ID 324). In reply, Michigan Bell argues that plaintiff's response fails to create any genuine issue of material fact, plaintiff failed to present any affirmative evidence, and plaintiff cannot rely on the pleadings alone to rebut the motion for summary judgment. (Dkt. 21)

This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

## II.   ANALYSIS AND CONCLUSION

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party,

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991). "Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations, it is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Here, plaintiff will bear the burden of proving his claims at trial; therefore, he is required to establish all of the essential elements of his claims. However, plaintiff does not offer any evidence to support his claim of discrimination. In the view of the undersigned, plaintiff's one paragraph response is so woefully

inadequate that he essentially failed to file any substantive response whatsoever. It is not sufficient for a party to mention a possible argument "in a most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Indeed, a court need not make a party's case by scouring the various submissions to piece together appropriate arguments. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). And, the court is not obligated to make plaintiff's case for him or to "wade through and search the entire record" for some specific facts that might support his motion. *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Simply, plaintiff has not satisfied his burden of coming forward with sufficient facts, or an explanation of applicable law, on which the court could possibly find that a genuine issue of material fact exists. Thus, summary judgment in defendant's favor is warranted.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED** and that plaintiff's complaint be **DISMISSED** with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 16, 2013          s/Michael Hluchaniuk
                                Michael Hluchaniuk
                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on January 16, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Debra A. Colby and Richard M. Tuyn , and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Karl Walker, 22520 Leewin, Detroit, MI 48219.

                                          s/Tammy Hallwood
                                          Case Manager
                                          (810) 341-7887
                                          tammy_hallwood@mied.uscourts.gov